Opinion filed July 12,
2012

 

                                                                       In The

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00197-CR

                                                    __________

 

             DEMOND CASTLE
A/K/A DAMOND CASTLE, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 85th District Court

                                                           Brazos
County, Texas

                                           Trial Court
Cause No. 08-05436-CRF-85

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The grand jury indicted Demond Castle a/k/a Damond Castle
for the offense of aggravated kidnapping, enhanced with a prior felony
conviction.  Appellant pleaded not guilty and was tried before a jury that
found him guilty and found the enhancement paragraph true.  The jury assessed
punishment at confinement for eighty years in the Institutional Division of the
Texas Department of Criminal Justice and a fine of $10,000.  We affirm.

            Jamelda
Jeanjacques lived in Bryan/College Station with her two children.  She met
Appellant and they started a tempestuous dating relationship.  After the
relationship had ended, she encountered Appellant at a government office, and
he offered her a ride home.  She accepted, and they ended up having lunch at a
restaurant.  A few days later, she was walking from her apartment to a nearby
convenience store when Appellant drove in front of her path and asked her if
she needed a ride.  When she declined, Appellant exhibited a .380 pistol and
forced her into his vehicle.  Appellant drove her to Snook, Texas, and he
stopped the vehicle on a dirt road.  Appellant demanded to know with whom
Jeanjacques was romantically involved.  She gave him a name that she had made
up, and he dragged her out of the car.  Appellant then attacked Jeanjacques by
kicking her in the head and stomach.  After he finished attacking her, he put
her back in the car and drove her to another dirt road close to a local
airport.  Appellant ordered Jeanjacques to get out of the car and take off her
clothes.  She complied.  Appellant then pushed Jeanjacques to the ground and
sexually assaulted her.

            Appellant
contends in his sole issue that the trial court erred in admitting evidence of
two previous uncharged kidnapping offenses that Appellant committed against
Jeanjacques.  At a hearing without the jury
present, the State proffered two incidents in which Appellant held Jeanjacques at
gunpoint in her apartment overnight.  The State explained:

I think the witness
will talk about . . . two incidents where the defendant held her in her
apartment overnight, would not allow her to leave because they had had a
physical altercation and he said . . . if she left, she would go to the police
so he wasn’t going to let her leave until she calmed down and wouldn’t go to
the police.

 

The trial court asked about the similarity between the
incident on trial and the extraneous offenses:

[PROSECUTOR]
The similarity is the restraint of her liberty although different -- different
ways of restraining her liberty.  But in both instances he assaulted her
physically, not sexually -- physically hit her, threatened her, threatened to
kill her.  And in both instances a gun was used - - or exhibited.  Not
necessarily used in the sense that we are alleging it was used here.

 

 The trial court overruled Appellant’s objection to
the evidence and admitted it.

At trial, Jeanjacques testified about both events in
greater detail.  In one incident, Jeanjacques and Appellant had an argument in
her residence, and she was trying to leave.  Appellant held her in her
apartment with a gun and would not let her leave.  She also testified that
Appellant hit her on her face or her “stomach area.”  Appellant eventually let
her leave her residence the following morning.  In the other incident, Jeanjacques
testified that she and Appellant were arguing about money and that he hit her
in the face:

            I would
try to fight back with him and he’s a bigger guy than I am, so . . . it was no
use to try to fight because . . . he would just overpower me.  He would hit my
head on the floor; . . . if I’m down on the floor, he would hit my head on the
floor. . . . [I]f I would try to leave, he would jump on me again.

 

She waited until Appellant fell asleep and then she
left her residence.

            The general rule is that other crimes,
wrongs, or acts are not admissible to show the character of that person and
conformity with that character.  Tex. R.
Evid. 404(b).  Rule 404(b) lists some exceptions for which extraneous
events may be admissible against an accused, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident.  Id.  This list of exceptions contained in Rule 404(b)
is not exclusive.  Turner v. State, 754 S.W.2d 668 (Tex. Crim. App.
1988).  The standard of review of a trial judge’s admission of an extraneous
offense under Rule 404(b) is abuse of discretion.  Lane v. State, 933
S.W.2d 504, 519 (Tex. Crim. App. 1996).

            The first task in determining whether an
extraneous offense is admissible is to determine whether the extraneous offense
is relevant to prove some material issue other than the defendant’s character. 
Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).  Evidence
is relevant if it has “any tendency to make the existence of any fact that is
of consequence . . . more probable or less probable than it would be without
the evidence.”  Tex. R. Evid.
401; Montgomery, 810 S.W.2d at 386.  If evidence of an extraneous
offense has such relevancy, it is ordinarily admissible.  Montgomery,
810 S.W.2d at 387.  If the trial court decides the extraneous offense is
relevant, then it must still decide, if asked, whether the probative value of
the evidence is outweighed by the danger of unfair prejudice.  Id. at
389; see Tex. R. Evid.
403.

            The State argued that the evidence was
relevant to show the previous relationship between Appellant and Jeanjacques
and that the motive was Appellant’s belief that she was “seeing other men.”  Under
the indictment, the State had to prove that Appellant intentionally or
knowingly abducted Jeanjacques by restricting her movements without her consent
so as to interfere substantially with her liberty by moving her from one place
to another or confining her with the intent to prevent her liberation by using
or threatening to use a deadly weapon.  As noted above, Rule 404(b) delineates
a number of exceptions under which an extraneous offense may be admissible.  We
will analyze the extraneous offenses in this case using the exceptions listed
under the rule because, while the list is not exclusive, it does outline the
most common exceptions and because the State has not advanced any novel reason
why this evidence is admissible.  Some of the exceptions, such as opportunity,
knowledge, identity, or absence of mistake or accident clearly do not apply in
this case.  We will determine whether any of the remaining exceptions listed in
 Rule 404(b) support the admissibility of the evidence in this case.

            Under the common plan or scheme exception,
the trial court may properly admit evidence to show steps taken by a defendant
in preparation for the charged offense.  Daggett v. State, 187 S.W.3d
444, 451 (Tex. Crim. App. 2005).  The incidents in this case do not constitute
a common plan or scheme because they do not indicate a series of steps
Appellant took in preparation for the commission of the offense for which he
was on trial.  Instead, the evidence shows that Appellant committed similar
crimes previously against the same victim.

            Although motive is not an element of a
crime, it is always relevant for the State to bring forth evidence showing a
defendant’s motive for the commission of an offense.  See Crane v. State,
786 S.W.2d 338, 349–50 (Tex. Crim. App. 1990).  In this case, Appellant was
apparently motivated by jealousy in that he thought Appellant was romantically
involved with another man.  This was evidence that could be gleaned from the
circumstances of the crime itself.  When Jeanjacques testified about the
previous incidents, she shed light on Appellant’s motivations for the previous
attacks: “He just always felt like I had someone else -- I was sleeping with
someone else. And that’s basically what the argument was about and the fact
that maybe . . . he wanted . . .  money from me.”  Evidence of the
previous incidents did not show the motive for the crime for which Appellant
was on trial; that was shown by other evidence.  Evidence of the earlier
incidents only served to show that Appellant had the same motive at a previous
time.

            An extraneous offense is admissible to
prove the mental state required for the charged offense when intent cannot be
inferred from the act itself or the defendant presents evidence to rebut that
inference.  Armstrong v. State, No. 03-02-00211-CR, 2003 WL 21189756
(Tex. App.—Austin May 22, 2003, no pet.) (mem. op., not designated for
publication).  In this case, the State had to prove Appellant had the specific
intent to prevent Jeanjacques’s liberation by using or threatening to use
deadly force.  See Brimage v. State, 918 S.W.2d 466, 475–76 (Tex. Crim.
App. 1994).  Given the facts delineated above, Appellant’s intent was properly
inferred from the crime itself.  The extraneous offenses did not shed any light
on Appellant’s intent in the case for which he was on trial, except to
reiterate that he had the requisite intent in the previous incidents.

            Rebuttal of a defensive theory, while not
on the Rule 404(b) list, is another possible exception that allows for the
admission of an extraneous offense.  See Padilla v. State, No. 13-07-00429-CR,
2008 Tex. App. LEXIS 6356, at *4–5 (Tex. App.—Corpus Christi Aug. 21, 2008, no
pet.) (mem. op., not designated for publication).  Appellant’s defensive theory
was that the State did not prove the elements of the offense charged and that
Jeanjacques was lying.  The previous crimes did not serve to increase Jeanjacques’s
credibility, since she was the only person who testified to the crimes.  It was
not evidence that served to rehabilitate her character for truthfulness.  See
Tex. R. Evid. 608(b).  The
extraneous offenses did not rebut any defensive theory advanced by Appellant at
the trial.

            Because the extraneous offense evidence
was not relevant for any reason other than character conformity, the trial
court abused its discretion in admitting the evidence.  Because we conclude
that the extraneous offense evidence was not admissible under Rule 404(b), we
need not decide whether the probative value of the evidence was outweighed by
the danger of unfair prejudice.  We will now examine the question of harmless
error in the admission of this evidence.

            When a trial court erroneously admits evidence
of extraneous offenses, we review the error under the nonconstitutional
harmless error standard.  Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998); see Tex. R. App.
P. 44.2(b).  In such cases, we will reverse only if the error impacted
Appellant’s substantial rights.  Rule 44.2(b).  A substantial right is affected
when the error had a substantial and injurious effect or influence in
determining the jury’s verdict.  King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997).  The appellate court, after examining the entire
record, must have a fair assurance that the error did not influence the jury,
or had but a slight effect.  Johnson, 967 S.W.2d at 417.

            In assessing whether the jury’s decision
was adversely affected by the error, we will consider everything in the record,
including testimony and physical evidence, the nature of the evidence
supporting the verdict, and the character of the error and how it might be
considered in connection with the other evidence in the case.  Higginbotham
v. State, 356 S.W.3d 584, 592 (Tex. App.—Texarkana 2011, pet. ref’d).  We
can also consider the court’s charge to the jury, the State’s theory, any
defensive theories, closing arguments, and voir dire, if material to 
Appellant’s claim.  Id.

            In Booker v. State, 103 S.W.3d 521 (Tex.
App.—Fort Worth 2003, pet. ref’d), the Fort Worth
Court of Appeals considered several factors in determining whether the
admission of  an extraneous sexual assault committed by the defendant was
harmless error.  First, the court looked at the amount of time it took for the
state to prove the extraneous offense.  103 S.W.3d at 538.  In this case, the
presentation of the extraneous offenses took a relatively short time; only nine
pages of the forty-three pages of direct testimony of Jeanjacques concerned the
extraneous offenses.  There were also several other witnesses during the
State’s case-in-chief, and none of them concerned the extraneous offenses.  

            The Booker court also looked at the
emphasis the State put on the extraneous offense in closing argument.  Id.
at 538–39.  In this case, there was only one mention of the extraneous offenses
in closing argument by the State.

            Finally, the Booker court looked at
the amount of evidence of the defendant’s guilt of the primary offense.  Id.
at 539.  The evidence of Appellant’s guilt in this case was mostly dependent on
the credibility of Jeanjacques, since no physical evidence was introduced tying
Appellant to the crime.  Of course, an appellate court cannot assess the
strength of the evidence in such a case because it only has the record to
evaluate.  The jury, however, was convinced by Jeanjacques’s testimony beyond a
reasonable doubt that Appellant was guilty.  Jeanjacques’s credibility was
neither enhanced nor degraded by her testimony about the extraneous offenses. 
Thus, the extraneous offense testimony likely had little effect on the jury’s
verdict.

            We conclude that the error in the
admission of the extraneous offense evidence did not have a substantial or
injurious effect on the jury’s verdict; thus, the error is harmless.  Appellant’s
sole issue is overruled.

            The judgment of the trial court is
affirmed.

 

 

ERIC KALENAK

July 12, 2012                                                                           JUSTICE

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.